532

# LATHAM, In re.

Ohio Appeals, Second District, Madison County.

No. 248.   Decided March 10, 1958.

Raymond Rockey Latham, petitioner, London Prison Farm.
William Saxbe, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondent.

# OPINION

By HORNBECK, PJ.:

Petitioner is an inmate of the London Prison Farm upon transfer from the Lima State Hospital where he had been held upon a mittimus from the Common Pleas Court of Franklin County, Ohio, upon his sentence on a plea of guilty to two counts of an indictment against him for sodomy.

Petitioner in his own behalf presents an extended brief much of which is devoted to a general thesis on "human behavior" and the proper method by which society should treat those who depart from normal conduct, especially in the field of sexual deviation.

The trial judge acting pursuant to the authority and direction of §2947.25 R. C., and as a part of the procedure therein outlined determined that petitioner was psychotic which is tantamount to a finding that he is a mentally deficient offender. This finding supported the commitment to the Lima State Hospital.

An examination of the entry by which petitioner was committed to the State Hospital discloses that the trial judge in his finding held differently than the Superintendent of the Lima State Hospital who reported that petitioner was not "psychotic, mentally defective nor psychopathic," and suggested that "whatever disposition was made of his case, some plan for treatment should be considered." The entry journalizing the finding of the trial judge discloses that he acted on the evidence which implies that he considered other facts than appeared in the Report of the Superintendent of the Lima State Hospital.

Unless the legislation under which the trial judge acted is unconstitutional and afforded no basis for the action taken, the only remedy available to the petitioner, if he were dissatisfied with the ruling of the trial judge, would have been to have prosecuted an appeal from that decision. This was not done. In re Burson, 152 Oh St 383.

We are not ready nor do we find any sufficient reason to hold that the statute here involved is unconstitutional. It may be that it is not as humane as would be desirable and that it is not abreast of the best thought in the field here involved. However, it clearly comes within the legislative domain and invested the trial judge with authority to commit petitioner, as he was committed, and after his incarceration at the Lima State Hospital, his transfer was validly made.

If the legislation here questioned were not in the Code, there would be left the plea of petitioner of guilty to an offense which is and always has been subject to punishment in Ohio. No doubt, there are extenuating circumstances incident to the sentence of petitioner, but these facts afford this court no authority to grant the extraordinary writ of habeas corpus wherein the one question presented is the jurisdiction of the committing judge to enter the sentence upon which petitioner is held.

The writ will be denied.

WISEMAN and CRAWFORD, JJ, concur.